18-3857-cv
*Hector L. Valentin v. City of Rochester, et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7ᵗʰ day of November, two thousand nineteen.

PRESENT: JOSÉ A. CABRANES,
REENA RAGGI,
*Circuit Judges*,
EDWARD R. KORMAN,
*District Judge.*[*]

---

HECTOR L. VALENTIN

        *Plaintiff-Appellant,*                  18-3857-cv

        v.

CITY OF ROCHESTER, JAMES SHEPPARD, DAVID MOORE,
FORMER CHIEF OF POLICE, ROCHESTER POLICE DEPARTMENT,
MICHAEL COTSWORTH, ROCHESTER POLICE DEPARTMENT
OFFICER / INVESTIGATOR, DAVE MACE, JOSEPH MURPHY,
PAUL WALTHER, BLAHO, ADORANTE, HOLMES, HOKE,
FORMER ROCHESTER POLICE DEPARTMENT OFFICER, MONROE
COUNTY, MONROE COUNTY DISTRICT ATTORNEY'S OFFICE,
MICHAEL GREEN, MONROE COUNTY DISTRICT ATTORNEY,
HOWARD RELIN, FORMER MONROE COUNTY DISTRICT
ATTORNEY, DANIEL MAJCHRZAK, FORMER MONROE

---

[*] Judge Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

COUNTY ASSISTANT DISTRICT ATTORNEY, PATRICK FIERRO, MONROE COUNTY ASSISTANT DISTRICT ATTORNEY, JOHN MUNRO, MONROE COUNTY ASSISTANT DISTRICT ATTORNEY, WENDY SISCA, MONROE COUNTY DISTRICT ATTORNEY'S OFFICE EMPLOYEE, CASPER CACECI, MONROE COUNTY DISTRICT ATTORNEY'S OFFICE EMPLOYEE, JOHN MARCHIONI, MONROE COUNTY ASSISTANT DISTRICT ATTORNEY,

*Defendants - Cross - Claimants - Cross - Defendants - Appellees.*

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | John M. Regan, Jr., Rochester, NY. |
| **FOR COUNTY DEFENDANTS-APPELLEES:** | Matthew D. Brown, Senior Deputy County Attorney *for* Michael E. Davis, County Attorney of Monroe County, Rochester, NY. |
| **FOR CITY DEFENDANTS-APPELLEES:** | Christopher S. Noone, Municipal Attorney *for* Timothy R. Curtin, Corporation Counsel of the City of Rochester, Rochester, NY. |

Appeal from an October 25, 2018 judgment of the United States District Court for the Western District of New York (Charles J. Siragusa, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the October 25, 2018 judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Hector L. Valentin ("Valentin" or "Plaintiff") appeals from a grant of summary judgment in favor of Defendants-Appellees City of Rochester, Chief of Police James Sheppard, former Chief of Police David Moore, Rochester Police Department, Investigators Michael Cotsworth, Dave Mace, Joseph Murphy, Paul Walther, and David Blaho, and Officers David Adorante, Jeffrey Holmes, and Randy Hoke (jointly, the "City Defendants"), and in favor of Defendants-Appellees Monroe County, Michael Green, Howard Relin, Daniel Majchrzak, Patrick Fierro, John Munro, John Marchioni, Wendy Sisca, and Casper Caceci (jointly, the "County Defendants," and together with the City Defendants, "Defendants").[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

---

[1] In his reply brief, Valentin concedes that, due to principles of immunity, a majority of the defendants should be dismissed from the case such that the only remaining defendants are: Officers

Valentin argues that the District Court erred in holding that liability under 42 U.S.C. § 1983 for a violation of the rule of *Brady v. Maryland*, 373 U.S. 83 (1963), requires a showing of specific intent by the prosecution to withhold or suppress exculpatory material. Valentin also challenges the District Court's decision that Valentin failed to demonstrate that the City Defendants or County Defendants had an established policy, custom, or practice of suppressing *Brady* material such that Valentin could state a § 1983 claim for damages under *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978).[2]

We review a district court's grant of summary judgment *de novo*, drawing all factual inferences in favor of the non-moving party, and will affirm only if there are no genuine disputes of material fact such that the moving party is entitled to judgment as a matter of law. *See Mudge v. Zugalla*, 939 F.3d 72, 79 (2d Cir. 2019).

We reject Valentin's contention that the District Court erroneously granted summary judgment to Defendants as to Valentin's claims under *Monell*. That precedent permits a claim against a municipality for damages under § 1983 only if the municipality had an established policy, practice, or custom that caused the deprivation of a constitutional right. *See Monell*, 436 U.S. at 690. The exchange between the court and Defendant Majchrzak during Valentin's 2001 state court proceeding to set aside his conviction does not suggest any unconstitutional policy or practice in the Monroe County District Attorney's Office such that Valentin could claim, much less establish, municipal liability under *Monell*. *See* County Defendants' Br. at 39–40. Nor does Valentin's own experience serve as sufficient support on summary judgment that the Monroe County District Attorney's Office had a policy, practice, or custom of suppressing *Brady* material to permit a colorable *Monell* claim.[3] *See* Special App'x 44.

---

Holmes, Sullivan, and Hoke, the City of Rochester, and the County of Monroe. *See* Plaintiff's Reply Br. at 3–4.

[2] To the extent Valentin claims that he appeals "every part" of the District Court's order, we agree with Defendants that Valentin has waived his appeal of those issues not specifically argued in his appellate papers. *See, e.g., Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998); County Defendants' Br. at 20–21; City Defendants' Br. at 14–17.

[3] Also unavailing is Valentin's citation to *Frank v. Relin*, 1 F.3d 1317 (2d Cir. 1993). In *Frank*, a former employee of the Monroe County District Attorney's Office alleged that she was terminated for twice raising *Brady* compliance concerns during the summer of 1985. *See id.* at 1319–20. Such allegations, together with Valentin's experience over fifteen years later, are not enough to support a *Monell* claim against the County. *See, e.g., Jones v. Town of East Haven*, 691 F.3d 72, 85 (2d Cir. 2012) (concluding that evidence of two to three violations over a period of several years "fell far short of showing a policy, custom, or usage" for purposes of *Monell* liability).

The Court agrees with Defendants that the District Court correctly concluded that, based on the full record of this case, Valentin has not shown that the three non-attorney police and investigators remaining in this appeal violated *Brady* by failing to disclose the criminal record of a witness during his criminal proceedings. First, Investigator Sullivan was never made a defendant to this action, a fact Valentin does not challenge here. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998). Second, there is no evidence that Officer Hoke knew of the witness's criminal record.[4] Finally, the evidence pertaining to Officer Holmes indicates only that he spent twenty minutes assisting in the witness's prior arrest eight years before Valentin's trial. No rational trier of fact could conclude therefrom that Officer Holmes even negligently suppressed material evidence, much less that he did so intentionally or recklessly. *See Darnell v. Pineiro*, 849 F.3d 17, 36 (2d Cir. 2017) (holding § 1983 claims require proof of "*mens rea* greater than mere negligence").

As to Valentin's argument that a civil *Brady* claim does not require a showing of intentional misconduct, our precedent has suggested, if not conclusively decided, the contrary. "We have suggested, though without so concluding, that a civil *Brady* claim requires a showing that the non-disclosure was intentional." *Bellamy v. City of New York*, 914 F.3d 727, 751 n.23 (2d Cir. 2019) (citing, *inter alia*, *Darnell v. Pineiro*, 849 F.3d at 36). Valentin cites no case law in this Circuit holding that defendants could be liable for money damages under § 1983 for violating *Brady*, absent intentional misconduct. We need not pursue the matter because, as noted, Valentin fails plausibly to demonstrate even negligence by Officer Holmes and concedes in his reply brief that the Monroe County District Attorney's Office and its current and former District Attorneys and assistant District Attorneys should be dismissed from the suit because they are entitled to prosecutorial immunity. The only remaining defendant associated with the prosecution (as opposed to the police and investigators) is Monroe County. And because we agree with the District Court that Valentin's claims do not satisfy *Monell* as a matter of law, Valentin cannot establish liability against Monroe County for the alleged *Brady* misconduct. Accordingly, we express no view on the question of whether a plaintiff asserting a *Brady* violation must show that the conduct was intentional.

Finally, Valentin contends that the District Court erroneously denied his Fed. R. Civ. P. 59(e) motion in which he claimed, in addition to his other arguments in this appeal, that the prosecution used inconsistent theories to obtain his conviction in violation of his due process rights. As noted by the District Court, Valentin improperly raised this argument for the first time in his Rule 59(e) motion for reconsideration. This Circuit will "generally … not consider an argument on

---

[4] Valentin argues in his reply brief, and in a footnote in his principal brief, that Officer Hoke was "involved in an effort to coerce and/or intimidate" a different prosecution witness. Plaintiff's Br. at 11 n.3; Plaintiff's Reply Br. at 4. Even assuming this argument were properly before us, *but see Ret. Bd. of the Policemen's Annuity & Ben. Fund of the City of Chi. v. Bank of N.Y. Mellon*, 775 F.3d 154, 168 (2d Cir. 2014) (holding arguments raised in footnotes may be deemed waived), it fails for lack of any support in the record.

appeal that was raised for the first time below in a motion for reconsideration." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 53 (2d Cir. 2012) (internal citation and quotation marks omitted) (noting that although this rule is "prudential rather than jurisdictional … [we] are more likely to exercise our discretion to consider an issue not timely raised below when the issue is purely legal and there is no need for additional fact finding" (alterations omitted) (internal citation and quotation marks omitted)). We therefore decline to consider Valentin's due process argument, as it was impermissibly raised.

## CONCLUSION

We have reviewed all of the arguments raised by Valentin on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the October 25, 2018 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5